UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTHA ALICIA D.S.,<br><br>                                Plaintiff,<br><br>v.<br><br>Kilolo KIJAKAZI,<br><br>                                Defendant. | Case No.: 3:19-cv-0935-AGS<br><br>**ORDER GRANTING MOTION FOR 42 U.S.C. § 406(b) FEES (ECF 24)** |

    Plaintiff's counsel moves for attorney's fees under 42 U.S.C. § 406(b). Counsel requests "$4,911.00" with "an order to reimburse [plaintiff] the amount of $2,800.00 for EAJA fees previously paid." (ECF 24, at 1.) The current request represents about 12% of plaintiff's past due benefits. Plaintiff was served with the motion and given an opportunity to object. (*See* ECF 24, at 1.) To date, she hasn't.

    Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant," "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc). In evaluating an attorney's fee request, courts "must respect the primacy of lawful attorney-client fee arrangements," "looking first to the contingent-fee

agreement, then testing for reasonableness." *Crawford*, 586 F.3d at 1148 (citation omitted). Factors the court may consider in evaluating the reasonableness of the attorney fee award are: "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." *Avina v. Saul*, No. 18-CV-1728 W (MSB), 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021).

Counsel succeeded in convincing the Commissioner to an agreed remand. (*See* ECF 19, at 1.) On remand, plaintiff was granted disability benefits, including $40,847.52 in past-due benefits. (ECF 24, at 6.) There is no evidence of dilatory conduct. Counsel's request of 12% is less than half of the maximum possible rate. Finally, the effective hourly rate—$307.90 ($4,911.00 ÷ 15.95 hours = $307.90 per hour)—supports the conclusion that the fee request is reasonable. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (collecting cases approving fees between ~$200 an hour to ~$700 an hour twenty years ago).

Counsel's request for fees under 42 U.S.C. § 406(b) is **GRANTED**. Counsel is entitled to $4,911.00 out of plaintiff's past-due benefits. Counsel must reimburse plaintiff the $2,800.00 EAJA fees already paid. (*See* ECF 23); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (noting that, when § 406(b) fees are awarded, "the claimant's attorney must refund to the claimant the amount of the smaller [EAJA] fee").

Dated: September 3, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge